**SHOU MEI DAI, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

**No. 08–1994–ag.**

United States Court of Appeals, Second Circuit.

July 28, 2009.

Attorney General Michael B. Mukasey as respondent in this case.

Robert J. Adinolfi, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division, Stephen J. Flynn, Assistant Director, Arthur L. Rabin, Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondents.

PRESENT: DENNIS JACOBS, Chief Judge, REENA RAGGI, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Shou Mei Dai, a native and citizen of the People's Republic of China, seeks review of an April 3, 2008 order of the BIA denying her (1) motion for reissuance of the BIA's August 21, 2007 order denying her initial motion to reopen, and (2) renewed motion to reopen. *See In re Shou Mei Dai*, No. A72 215 927 (B.I.A. Apr. 3, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ As an initial matter, we note that Dai has waived any challenge to the BIA's denial of her motion to reissue by failing to address that motion in her appellate brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). We conclude that the BIA did not abuse its discretion in denying Dai's motion to reopen where it was untimely and she failed to establish an exception to the filing deadline.

An individual must file a motion to reopen within ninety days of the issuance of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *see also* 8 C.F.R. § 1003.2(c)(2). This limitation, however, does not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal based on changed circumstances in the movant's country of nationality. *See* 8 U.S.C. § 1229a (c)(7)(C)(ii); *see also* 8 C.F.R.

708

§ 1003.2(c)(3)(ii). Here, it is undisputed that Dai's motion to reopen was untimely.

█ Dai argues that she qualifies for the changed circumstances exception to the ninety-day filing deadline, and that the BIA abused its discretion in denying her motion to reopen without considering the evidence that this Court addressed in *Shou Yung Guo v. Gonzales*, 463 F.3d 109 (2d Cir.2006). This argument is unavailing, however, because the documents that we addressed in *Shou Yung Guo* are not in the record here, and we will not remand a case for the BIA to consider documents that were not in the record before it. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269–70 (2d Cir.2007). Moreover, as noted by the BIA, Dai has only submitted or pointed to evidence pertaining to family planing policies in Fujian Province, while Dai herself hails from Zhejiang Province. Dai has therefore failed to establish her *prima facie* eligibility for asylum based on the birth of her children in the United States. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 154–56 (2d Cir.2008).

█ Finally, we find no merit in Dai's argument that the BIA violated her due process rights, as the BIA directly addressed her arguments and found them unavailing. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 157 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal is DISMISSED as moot.